**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 120
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY A. WEBER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DIAZ & ASSOCIATES, INC.,<br><br>　　　　　Defendant. | Case No.  8:21-cv-01697<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes GREORY A. WEBER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of DIAZ & ASSOCIATES, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Central District of California.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age.

5. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third party debt collector and debt purchaser that employs "a team of highly trained and professional debt collectors."[1] Defendant is a corporation organized under the laws of the state of Nevada with its principal place of business located at 3540 West Sahara Avenue, Suite 680, Las Vegas, Nevada. Although Defendant resides in Nevada, it maintains offices in California at 17671 Irvine Boulevard, Suite 212, Tustin, California – and it is the actions of Defendant's California office that give rise to Plaintiff's claims.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] http://diazandassociates.us/

2

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding personal debt ("subject debt") allegedly owed by Plaintiff.

10. The subject debt stems from Plaintiff's purported defaulted payments owed in connection with a Providian National Bank ("Providian") line of credit.

11. On or about July 22, 2021, Defendant, from its California office, sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

12. The collection letter stated that it was "RE: Providian National Bank" and that there was a purported balance of $2,173.19.

13. Plaintiff became extremely confused by Defendant's demands for payment, as he never had any business dealings with any Providian nor did he incur the subject debt.

14. Upon information and belief, Defendant purchased the subject debt as part of a mass portfolio of accounts for pennies on the dollar, and in connection with its efforts to collect the distressed debt, incorrectly attributed the debt of another Gregory Weber to Plaintiff.

15. Nevertheless, Plaintiff suffered emotional distress stemming from Defendant's efforts to collect a debt from Plaintiff which was not owed.

3

16. Furthermore, even if the debt were due and owing, Defendant's July 22nd collection letter deceptively and misleadingly represented Plaintiff's options to go about settling or addressing the subject debt.

17. Defendant's collection letter offered Plaintiff the option to settle the subject in full for a single payment of $760.62, but such payment had to be received "NO LATER THAN 8/31/2021. " (emphasis in original).

18. The collection letter further reinforces the importance of the 8/31 deadline as it provided an option for payment to be made via overnight delivery or credit card in the event there was concern over whether payment would be received by the deadline.

19. As such, Plaintiff was led to believe that the offer Defendant was making was time-sensitive, and failure to accept any such offers would result in such offers being unavailable down the line.

20. However, upon information and belief, Defendant, a debt collector collecting on a purchased debt, would have re-made similar offers, or even better offers, down the line, given that Defendant was collecting on a debt which had been purchased for pennies on the dollar and would thus have been willing to accept payment in whatever manner Plaintiff was able to make.

21. Defendant's collection letter therefore misrepresented the time-sensitive nature of the offer, causing Plaintiff to feel concerned and stressed, in addition to the stress of being subjected to erroneous collection efforts, that if he refused to accept Defendant's offer he may be subjected to collection efforts for the entire balance.

22. Courts have fashioned safe harbor language which shields debt collectors from liability when making purportedly time-sensitive offers, however, Defendant's collection letter fails to include such language.

23. Instead, Defendant's collection letters were designed to falsely and deceptively put pressure on Plaintiff to accept Defendant's settlement terms, lest he lose the opportunity for such settlement down the line.

24. Defendant's deceptive and misleading conduct in this regard harmed Plaintiff and put Plaintiff at a risk of harm for making payment on a debt under the false belief that failure to make such time sensitive payment would result in the loss of the ability to resolve the debt for a reduced sum.

25. Defendant's deceptive and misleading conduct has caused Plaintiff concrete harm, including but not limited to being subjected to collection efforts on a debt he did not owe, being put at risk of making payments in connection with a debt he does not owe, being deprived the ability to intelligently respond to Defendant's collection efforts, being lied to and deceived in violation of vital consumer protection statutes, being stymied in the charting of an intelligent course of conduct in response to Defendant's collection efforts, risk of harm to his interests protected by the FDCPA, and numerous violations of his federally protected interests to be provided clear and accurate information in connection with debt collection efforts.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts originally owed to others. Defendant is further a business the principal purpose of which is the collection of debts.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated §§ 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offers

in its collection letters. As discussed above, Defendant's collection letter was written and formatted to convey that the settlement offer was time-sensitive in nature. However, given the circumstances surrounding the subject debt, this representation was false, deceptive, and misleading, as Defendant would have, upon information and belief, made these offers, or even better offers, after the illusory deadline would have passed. Defendant could have provided "safe harbor" language to make its representations more clear; however, Defendant chose not to use such language in a deceptive and misleading effort to compel Plaintiff's prompt payment on the subject debt, notwithstanding the false, deceptive, and misleading nature of the representations compelling such action.

33. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its attempt to collect a debt from Plaintiff which he does not owe. It was a false representation as to the status and character of the subject debt to suggest that Plaintiff owed the subject debt, when in fact he did not.

**b. Violations of the FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Further, § 1692f(1) prohibits debt collectors from engaging in "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

35. Defendant violated § 1692f when it unfairly and unconscionably represented the time-sensitive nature of its settlement offers. Defendant unfairly suggested such offers were time-sensitive, when they were not in fact time-sensitive.

36. Defendant further violated §§ 1692f and f(1) through its unfair attempts to collect a debt from Plaintiff which he does not owe.

WHEREFORE, Plaintiff, GREGORY A. WEBER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 13, 2021         Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com